July 7, 2026

**Supreme Court**

No. 2024-344-Appeal.
(PC 22-6418)

Reagan Marine Construction, LLC    :

v.                 :

Victor Costa et al.         :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Reagan Marine Construction, LLC   :

v.   :

Victor Costa et al.   :

Present: Suttell, C.J., Robinson, Lynch Prata, Long, and Indeglia (ret.), JJ.

# O P I N I O N

**Justice Lynch Prata, for the Court.** The defendants, Victor Costa and Costa Companies, Inc., appeal from a default judgment in favor of the plaintiff, Reagan Marine Construction, LLC, in the amount of $716,001.83, inclusive of costs, prejudgment interest, and attorney's fees. On appeal, the defendants argue that the trial justice erred in entering a default judgment because, according to them, the plaintiff's service of motions for conditional order of default, default judgment, and attorney's fees were defective. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

- 1 -

## Facts and Travel

The plaintiff, Reagan Marine Construction, LLC (plaintiff or Reagan), was the general contractor on a construction project (the project) for the expansion of the Church Street Marina in Bristol, Rhode Island. On November 3, 2021, plaintiff entered into a subcontract (the subcontract) to have electrical work performed on the project. Victor Costa (Costa) signed the subcontract as "CEO" of Costa Companies, Inc. (Costa Companies) (collectively defendants), and, on appeal, it is uncontested that Costa had the authority to bind Costa Companies to the subcontract. Notably, under the terms of the subcontract, the parties agreed that time was of the essence and that Reagan would be provided with timely written notices of delays that could postpone the project's completion. The subcontract also included an indemnification clause that outlined that Costa Companies "shall fully and completely indemnify [Reagan] * * * from and against all claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of, caused by, or resulting from the performance of the [w]ork associated with this [c]ontract or other conduct of [Costa Companies] * * *." Reagan alleges that after execution of the subcontract, Costa Companies delayed commencement of work on the project.

We are advised that during the summer of 2022—to comply with state electrical and building code requirements—Reagan and Costa Companies negotiated to expand the scope of work in the subcontract. Costa Companies

- 2 -

conditioned acceptance of the expanded scope of work on Reagan's payment of a twenty percent deposit, which Reagan submits it paid. According to Reagan, Costa accepted the expanded scope of work and provided Reagan with an estimated completion schedule.

Reagan avers that in reliance on the terms of the subcontract, it formally executed a change schedule order with the Town of Bristol on September 8, 2022. Thereafter, Reagan represented that, Costa Companies neither complied with the estimated completion schedule for the expanded scope of work nor did defendants provide Reagan with written notices of delays. As a result, Reagan represented that, the Town of Bristol threatened to terminate the general contract if Reagan did not provide a remedy within thirty days. In turn, Reagan advises that it informed defendants of its intent to terminate the subcontract unless Costa Companies complied with a modified schedule. Reagan alleges that Costa Companies failed to timely comply, so it terminated the subcontract and hired a replacement electrical subcontractor. Consequently, Reagan filed a complaint in Providence County Superior Court alleging counts of breach of contract, negligent misrepresentation, and fraud against Costa Companies; a count of fraud against Costa; and a count of conversion against defendants. Reagan sought damages, and attorney's fees

pursuant to G.L. 1956 § 9-1-45. In response, defendants filed an answer, denied certain allegations in Reagan's complaint, and asserted six affirmative defenses.[1]

Reagan served defendants with a request for production of documents. An order directing defendants to comply with the production was entered on March 10, 2023. Thereafter, Reagan moved to compel production of answers to certain interrogatories and additional documents, to which defendants timely objected. At the hearing on the motion, counsel appeared on behalf of defendants and asserted that, with respect to defendants' production issue, "a collection of e-mails * * * had subsequently been rectified and produced to the [p]laintiff * * *." Counsel conceded that "[t]here [were] other issues with respect to the interrogatories[,]" and he stated that he could not "go into any further detail regarding those specific requests" due to his pending motion to withdraw. On July 3, 2023, the trial justice entered separate orders granting defense counsel's motion to withdraw and granting Reagan's motion to compel. The trial justice, however, stayed discovery for twenty days, effectively affording defendants the opportunity to retain new counsel. Subsequently, on October 18, 2023, the trial justice entered an order, giving Costa an additional thirty days to comply with the July 3, 2023 order and granting Costa Companies thirty

---

[1] The affirmative defenses pled by defendants were: (1) failure to state a claim upon which relief may be granted; (2) failure to state a cause of action upon which relief may be granted; (3) improper subject matter jurisdiction; (4) frustration of purpose; (5) the doctrine of laches; and (6) the parties failed to reach an agreement on terms.

days to procure new counsel. According to Reagan, defendants did not comply with the court's order to produce discovery and did not retain new counsel.

Consequently, Reagan moved for a conditional order of default against defendants and requested an award of attorney's fees. In its motion, Reagan asserted that defendants "[willfully violated] multiple [c]ourt [o]rders compelling the production of sufficient discovery responses and requiring the corporate [d]efendant, Costa Companies, Inc., to retain counsel * * *." A hearing on the motion was held, at which defendants did not appear. The trial justice informed Reagan's counsel that the court received a letter from a medical provider that morning indicating that, due to a medical condition, Costa was unable to return to work until March 25, 2024. The trial justice continued with the proceeding, reasoning that defendants did not file an objection to the motion. The trial justice granted Reagan's motion and entered a conditional order of default on March 28, 2024. The order afforded defendants twenty days from the issuance of the order to comply with its prior orders.

On April 22, 2024, Reagan filed a motion for entry of judgment and related attorney's fees. On the same day, a hearing was held on Reagan's previous motion for attorney's fees. At this hearing, Costa appeared before the court *pro se*, and Costa Companies was not represented by counsel. Costa argued that he was not receiving communications related to the litigation and that Reagan was required to

send all notice to Costa Companies' registered agent.[2]  The trial justice explained to Costa that the court had already issued a conditional order of default and that Costa would need to file a motion pursuant to Rule 60 of the Superior Court Rules of Civil Procedure to address the reasons why the court should vacate the order, and if such motion was filed, the court could hold a hearing on the matter.  The trial justice clarified that he could not "make a determination on notice or whatever else without [Costa] filing the motion before the [c]ourt."  Costa affirmed to the trial justice that he understood.  At a subsequent hearing, at which defendants did not appear, Reagan asserted that Costa sent e-mails to the court that he was going to file a motion to vacate but that Costa had not done so.  Thereafter, Reagan filed an application for an entry of default judgment, alleging damages in the amount of $540,787.66, exclusive of costs, attorney's fees, and statutory interest.

The matter was again before the court via WebEx on August 29, 2024.  Costa appeared at the hearing *pro se*; Costa Companies was still not represented by counsel.  At the hearing, Costa asserted that he had been outside of the United States

---

[2] At the hearing held on April 22, 2024, Costa first raised the issue of notice to the trial justice.  Costa represented that, due to malware on his computer system, he was not receiving e-mails related to the litigation, only telephone calls.  Costa argued that two months prior to the hearing, he notified plaintiff's counsel to send all documentation pertaining to the case to Costa Companies' registered agent.  Costa asserted to the trial justice that, because plaintiff's counsel did not serve the motions to Costa Companies' registered agent, service was defective as to both him and Costa Companies.

since June 8, 2024, and that he was "kind of lost in this whole scenario and everything that is going on." He also represented to the court that he had paid off some debt, "which now is going to allow us to procure an attorney in this matter." The trial justice explained to Costa that a conditional default judgment had entered and that, if Costa sought legal counsel, there were certain actions the attorney could take to contest the notice issue, including filing a motion to vacate the judgment.

On October 1, 2024, the trial justice entered an order granting Reagan's motion for attorney's fees against Costa Companies; and, on the same day, default judgment was entered for Reagan in the total amount of $716,001.83, including $535,357.53 in adjusted damages; $180.75 in costs; $133,766.05 in prejudgment interest; and $46,697.50 in attorney's fees. The defendants filed timely notices of appeal to this Court on October 18, 2024. After docketing the appeal, Reagan filed a motion to remand to the Superior Court for the purpose of seeking a post-judgment preliminary injunction pursuant to Article I, Rule 7(a) of the Supreme Court Rules of Appellate Procedure. Likewise, defendants, after procuring legal counsel, filed a response to Reagan's motion and a cross-motion to remand to pursue a Rule 60 motion to vacate in the Superior Court. This Court granted Reagan's motion, allowing thirty days to pursue its post-judgment preliminary injunction in the Superior Court, which the trial justice ultimately denied. We denied defendants' motion without prejudice to the filing of a cash bond in the amount of $716,001.83—

- 7 -

the amount awarded in the default judgment—within fifteen days.  The record contains no evidence that defendants filed a cash bond.

## Standard of Review

"We review a Superior Court entry of default for abuse of discretion or error of law." *Ferris v. Progressive Casualty Insurance Company*, 263 A.3d 1247, 1249 (R.I. 2021) (quoting *Reyes v. Providence Place Group, L.L.C.*, 853 A.2d 1242, 1246 (R.I. 2004)).  Likewise, "[a] motion to vacate default 'is addressed to the sound discretion of the trial justice and will not be disturbed on appeal absent a showing of an abuse of discretion or an error of law.'" *Id.* (brackets and deletion omitted) (quoting *Clark v. Dubuc*, 486 A.2d 603, 604 (R.I. 1985)).  "In an appeal seeking relief from a default judgment, it is the appellant's burden to show 'that the trial justice abused his or her discretion or committed an error of law.'" *Marchionte v. Jaramillo*, 182 A.3d 1146, 1147 (R.I. 2018) (mem.) (brackets omitted) (quoting *Rodriguez v. Virgilio*, 58 A.3d 914, 915 (R.I. 2012) (mem.)).

## Discussion

Before this Court, defendants argue that the trial justice erred in entering a default judgment because, according to defendants, Reagan's service of motions related to default was defective.  Specifically, defendants contend that Reagan did

not serve notice on Costa Companies' registered corporate agent.[3] The defendants assert that, prior to default, Costa expressed to plaintiff's counsel that any documents pertaining to the litigation should be served on Costa Companies' registered agent for notice as to Costa and Costa Companies. Accordingly, defendants aver that Reagan's failure to comply with this method rendered the service of the motions related to the conditional order of default, default judgment, and attorney's fees defective.

The defendants further contend that this Court's imposition of a cash bond as a condition for remand to file a Rule 60 motion violated their due-process rights. Specifically, defendants argue that "due process compels an unconditional remand to the trial court to permit [Costa] to litigate the notice issue."

Conversely, Reagan argues that the trial justice did not abuse his discretion in entering judgment. Reagan contends that service of motions on defendants was proper because Reagan served defendants "electronically using multiple email addresses on file and used by the Superior Court clerk in transmitting notices of hearings and other docket entries." Reagan argues that defendants have not presented evidence to this Court that they were not on notice of the pleadings and

---

[3] The defendants contend that, in accordance with G.L. 1956 § 7-1.2-501, Costa Companies was required to have a registered corporate agent for service. The defendants argue that Reagan was aware of Costa Companies' registered agent because Reagan's initial complaint was served on the agent at the listed registered office.

hearings scheduled in the Superior Court. Likewise, Reagan argues that it had no obligation to effectuate service by the means that defendants requested given that Reagan "served all papers upon [defendants] consistent with the trial court's rules, protocols, and course of conduct." Reagan further notes that "[defendants] cannot explain why Mr. Costa appeared at some hearings, but not at others, where the means of service was consistent throughout." Reagan asserts that "the purpose of service rules is to provide litigants with notice and an opportunity to pursue and defend their rights." Thus, according to Reagan, defendants' receipt of electronic notifications and Costa's appearance at in-person and WebEx hearings make clear that Costa was properly notified of court proceedings.

Additionally, Reagan argues that defendants had multiple opportunities to properly raise the issue of notice in the lower court and failed to do so. Thus, they should be precluded from presenting the issue before this Court on appeal. Reagan asserts that, at the hearing on August 29, 2024, Costa represented to the court that he was in a position to retain counsel and declared that he would move forward with an appeal. The trial justice had advised Costa that the proper avenue to pursue relief from the conditional default judgment and properly raise his notice argument before the court was to file a motion to vacate pursuant to Rule 60. Reagan contends that, despite this instruction from the trial justice, defendants "[f]or whatever reason, * * * opted not to pursue that course in the period following entry of judgment and

docketing of this appeal." Reagan cites to this Court's opinion in *Marchionte* and avers that a defaulted party's failure to file a Rule 60(b) motion or otherwise defend its requested relief in the lower court requires this Court to deny the party's request on that issue. *See Marchionte*, 182 A.3d at 1147. Thus, according to Reagan, because "[t]he arguments [defendants] raise now were equally available to them before[,]" this Court should preclude their present request to vacate the default judgment or remand the case to the Superior Court so that defendants may file a Rule 60 motion.

Finally, Reagan argues that defendants' due-process rights were not violated when this Court conditioned remand upon the filing of a cash bond. Reagan asserts that the imposition of a cash bond was consistent with Article I, Rule 8(b) of the Supreme Court Rules of Appellate Procedure, and, thus, defendants' due-process argument is unfounded. *See* Article I, Rule 8(b) of the Supreme Court Rules of Appellate Procedure. Reagan alternatively argues that, if this Court were to remand this matter to allow defendants the opportunity to file a Rule 60 motion, the outcome would not change. To support its argument, Reagan cites to *Seaport Studios, Inc. v. Waldo*, 245 A.3d 1231 (R.I. 2021) (mem.), to assert that a Rule 60 motion must be brought within a "reasonable time, but no later than one year of entry of judgment for certain bases for relief." *See Seaport Studios, Inc.*, 245 A.3d at 1232. Reagan asserts that in this case more than sixteen months have passed since the entry of

default judgment.  Therefore, Reagan argues that "[g]ranting [a] remand at this stage would constitute an improper third bite at the apple."

**Notice**

"It is well settled that, in accordance with this Court's longstanding raise-or-waive rule, if an issue was not properly asserted, and thereby preserved, in the lower tribunals, this Court will not consider the issue on appeal." *Patel v. Patel*, 252 A.3d 1221, 1232 (R.I. 2021) (quoting *Heneault v. Lantini*, 213 A.3d 410, 416 (R.I. 2019)).  The raise-or-waive rule requires a litigant to make "a specific objection to preserve an issue for appeal." *State v. Parrillo*, 228 A.3d 613, 625 (R.I. 2020) (emphasis omitted).  "We require a specific objection so that the allegation of error can be brought to the attention of the trial justice, who will then have an opportunity to rule on it." *Patel*, 252 A.3d at 1232 (quoting *State v. Pona*, 66 A.3d 454, 468 (R.I. 2013)); *see State v. Ricker*, 252 A.3d 721, 730 (R.I. 2021).  Accordingly, "a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court." *Ricker*, 252 A.3d at 730 (quoting *Parrillo*, 228 A.3d at 623).

On March 28, 2024, the trial court issued an order granting Reagan's motion for conditional entry of default.  This order required defendants to comply with the trial court's previous orders to produce documents and answers to interrogatories within twenty days of the issue date.  The defendants did not comply with the order.  Nonetheless, at a subsequent hearing held on April 22, 2024, Costa appeared *pro se*

- 12 -

and, for the first time, raised the notice issue. During that hearing, Costa represented to the court that he was frequently out of state and that malware on his computer prevented him from accessing his personal e-mail. Costa asserted that he communicated to Reagan's counsel, prior to the hearing, that all notices related to the litigation should be served on Costa Companies' registered agent to be effective as to both Costa and Costa Companies. In response, the trial justice explained to Costa that the court had already issued an order of conditional default and that if Costa sought to vacate the order on the grounds of defective notice, then he was required to file a Rule 60 motion, at which point the court could address his arguments on the matter. Specifically, the trial justice stated: "The purpose of today is the assessment of attorney's fees. The [c]ourt did issue an order on conditional order of default. * * * There is a rule called Rule 60 and that outlines the reasons why the [c]ourt should vacate or do away with an order that you may have." The trial justice explained that he could not "make a determination on notice * * * without [Costa] filing the motion before the [c]ourt." Costa affirmed to the trial justice that he understood the necessity of filing a Rule 60 motion in order for the trial justice to consider the issues that Costa raised at the hearing. A similar discussion between the trial justice and Costa occurred again on August 29, 2024.

Rule 60(b), in relevant part, provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final

judgment, order, or proceeding for the following reasons * * *." Super. R. Civ. P. 60(b). Thereafter, the rule lists six reasons justifying relief from a final judgment. *See id.* Notably, Rule 60(b) requires that "[t]he motion shall be made within a reasonable time * * *. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." *Id.*

Costa, however, neither filed a Rule 60(b) motion to vacate on behalf of himself nor did he retain legal counsel to file a motion on behalf of Costa Companies. Rather, defendants appealed to this Court. The trial justice informed Costa, more than once, of what needed to be done. Thus, because the trial justice was not afforded the opportunity to adjudicate defendants' notice argument through an appropriately filed motion, the issue was not properly presented to the trial justice or preserved for appellate review. *See Marchionte*, 182 A.3d at 1147 ("Following the entry of a default judgment, [defendant] did not seek relief from that judgment pursuant to Rule 60(b). Therefore, the issue before us for review is solely the entry of a default judgment."). Accordingly, the sole issue for our review is whether the trial justice abused his discretion in entering default judgment.

**Default Judgment**

The defendants contend that the trial justice erred in entering a default judgment because Reagan's failure to effectuate proper service on Costa Companies' corporate agent rendered the motions relative to the default judgment defective. We

- 14 -

disagree. We view this as a clear attempt by defendants to repackage their notice argument in an effort to contest the trial justice's conditional entry of default. We have addressed defendants' notice argument herein and reiterate that the proper avenue for defendants to raise their issue of notice was by means of a Rule 60 motion to vacate the judgment.

With respect to the judgment itself, we discern no error in the trial justice's finding. The record reveals that defendants' attorney withdrew from representation in June of 2023, and the trial justice issued an order to that effect on July 3, 2023. On the same day, the trial justice entered a separate order staying discovery for twenty days, effectively affording defendants the opportunity to retain new legal counsel. The order also granted an additional twenty days (after the expiration of the stay) to comply with certain outstanding discovery requests. In this forty-day window, defendants did not comply with the order to compel discovery or retain counsel. Approximately two months after that deadline, the trial justice entered a second order directing defendants to comply with discovery requests within thirty days. The order granted Costa Companies another thirty days to procure counsel. The defendants, again, did not comply with the court order. Once more, on March 28, 2024, the trial justice issued a conditional order of default, giving defendants twenty days to comply with the court's prior orders. The defendants neither complied with this order nor submitted any appropriate objections to the court. The

- 15 -

trial justice gave defendants ample opportunity to comply. As a result, at a hearing held on April 22, 2024, at which Costa was present, the trial justice stated that the court had already issued a conditional order of default and that, if Costa intended to object to the order, he was required to file a motion to vacate. He did not.

While we acknowledge that "[w]hen an individual elects to proceed as a self-represented litigant, they undertake a difficult task[,] * * * the courts 'cannot and will not entirely overlook established rules of procedure' just because a litigant is self-represented." *E.H. Turf Supply Co., Inc. v. Tavares*, 337 A.3d 1019, 1028 (R.I. 2025) (quoting *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005)); *see id.* ("Although *pro se* litigants are often granted greater latitude by a court, they are not exempt from our rules.") (brackets omitted) (quoting *Oliveira v. Levesque*, 294 A.3d 994, 998 (R.I. 2023)). Here, it is clear that the trial justice was patient and courteous in affording defendants multiple opportunities to respond to discovery and to obtain legal counsel prior to the entry of default. Yet, defendants continuously ignored court orders to comply with discovery, resulting in the entry of conditional default. Therefore, "[w]hile the drastic remedy of judgment by default is not to be employed lightly," we perceive no abuse of discretion in the trial justice's entry of default judgment in this instance. *See Providence Gas Company v. Biltmore Hotel Operating Co.*, 119 R.I. 108, 114, 376 A.2d 334, 337 (1977) (finding no abuse

of discretion in entry of a default judgment when "the Superior Court justice gave [the defendant] every opportunity before using it").

## Due-Process Argument

Costa raises a collateral argument to the effect that this Court's imposition of a cash bond, in the amount of $716,001.83, as a condition of remand, deprived him of due process because "due process compels an unconditional remand" to allow them to file a motion to vacate in the lower court. We are not convinced.

Article I, Rule 2 of the Supreme Court Rules of Appellate Procedure provides that "[i]n the interest of expediting decision, or for other good cause shown, the Supreme Court may suspend the requirements or provisions of [the Supreme Court Rules of Appellate Procedure] on application of a party or on its own motion and may order proceedings in accordance with its direction." Accordingly, Rule 2 gives this Court authority to impose a bond on the defendants' request for a remand to protect Reagan's judgment in the lower court while the matter is on appeal. In doing so, the defendants' due-process rights were not violated.[4]

## Conclusion

For the reasons set forth herein, we affirm the judgment of the Superior Court. The papers may be remanded thereto.

---

[4] The defendants did not specifically challenge the constitutionality of Article I, Rule 2 of the Supreme Court Rules of Appellate Procedure, only that a cash bond was required for a remand.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Reagan Marine Construction, LLC v. Victor Costa et al. |
| **Case Number** | No. 2024-344-Appeal.<br>(PC 22-6418) |
| **Date Opinion Filed** | July 7, 2026 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, Long, and Indeglia (ret.), JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Michael Dickman, Esq. |
| | For Defendants:<br><br>Thomas M. Dickinson, Esq. |